IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

AVERY F. GRAY, JR., )
)
    Plaintiff, )
v. ) Civil Action No. 3:20-cv-937–HEH
)
JONATHAN ENGLISH, *et al.*, )
)
    Defendants. )

**MEMORANDUM OPINION**
**(Granting in Part and Denying in Part Defendants' Motion to Dismiss)**

Avery F. Gray, Jr. ("Gray"), a Virginia inmate, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. (ECF No. 1.) The matter is proceeding on Gray's Second Amended Complaint. (ECF No. 44.)[1] Gray names as Defendants: Harold W. Clarke, the Director of the Virginia Department of Corrections ("VDOC"); David Call, the Warden of Nottoway Correctional Center ("NCC"); W. Jerrett, Assistant Warden of NCC; Major M. Ward; S. Gilbertson, a Unit Manager; Lieutenant Ortiz; and, C. Walker, a Correctional Officer (collectively "Defendants"). The matter is before the Court on the Court's screening obligations under 28 U.S.C. §§ 1915(e)(2) and 1915A and the Motion to Dismiss filed by Defendants Clarke, Call, Jerrett, Ward, Gilbertson, and Ortiz. (ECF No. 45.) Gray has responded. (ECF No. 50.) For the reasons set forth below, the Motion to Dismiss (ECF No. 45) will be granted in part and denied in part.

---

[1] The Second Amended Complaint was filed on September 6, 2022.

## I. STANDARD FOR A MOTION TO DISMISS

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

2

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. GRAY'S ALLEGATIONS AND CLAIMS

On June 28, 2020, Gray was confined at NCC. (ECF No. 44 at 3.)[2] At 6:45 a.m. on that day, a power failure occurred at NCC, leaving the inmates' living quarters without ventilation. (*Id.*) At 8:15 a.m., inmates were let out of their cells for inside recreation. (*Id.* at 4.) Two floor fans were plugged into a control booth to provide inmates some relief. (*Id.*) Assistant Warden Jerrett, however, refused to provide inmates with two coolers of ice. (*Id.*) When Gray and other inmates demanded to speak with Assistant Warden Jerrett, Control Booth Officer "Walker yelled lockdown and turned off the telephones." (*Id.*) Gray and other inmates requested complaint forms, which Walker refused to provide. (*Id.*) Shortly thereafter, Assistant Warden Jerrett entered the control booth, unplugged the fans, and demanded that the inmates return to their cells. (*Id.*) Gray and other inmates refused to return to their cells to be locked down. (*Id.* at 6.)[3]

The temperature in Gray's cell was "well over eighty (80) degrees" and there was no circulating air. (*Id.* at 5.) "This condition caused the plaintiff to sweat profusely, become light-headed, and mentally aggravated . . . ." (*Id.*) Other inmates requested medical assistance because of their physical ailments. (*Id.*)

"At approximately 10:30 a.m., the prisoners were still without cold water or anything to neutralize the heat." (*Id.* at 6.) At this time, Warden Call and Lieutenant

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Gray's submissions.

[3] Gray suggests that the direction to return to his cell was a ruse because Defendant Walker previously had been given an order not to open any cell doors. (ECF No. 44 at 6.) Obviously, once Gray and the other inmates had expressed a willingness to obey orders, the cell doors could have been opened, as they were later in the day.

Ortiz entered Gray's unit and told Gray and others, "if you do not go into your cell you'll be shipped to Red Onion or Wallensridge." (*Id.*)

The temperature in Gray's housing unit continued to increase. (*Id.*) By 1:00 p.m., Gray and the other inmates in his unit had yet to receive food or cold water. (*Id.* at 7.) At 2:00 p.m., Major Ward entered Gray's housing unit with the institutional investigator and asked each inmate "to step in their cell, which they did peacefully." (*Id.*)

At 2:45, Warden Call and Unit Manager Gilbertson entered Gray's housing unit and identified Gray and other inmates, and began to have them removed from their cells one by one by an institutional strike force. (*Id.*)

After the above incident, Gray was transferred to Red Onion prison. (*Id.* at 8.)

Based on the above allegations, the Court deems Gray to have raised the following claims:

| | |
|---|---|
| Claim One | Defendants violated Gray's rights under the Eighth Amendment by failing to alleviate the conditions in Gray's overheated housing unit. (*Id.* at 7.) |
| Claim Two | Defendants Walker and Jerrett violated Gray's rights under the First and Fourteenth Amendment when they interfered with his access to the prison grievance procedure. (*Id.* at 5.) |
| Claim Three | Defendants Walker and Jerrett violated Gray's First Amendment rights when they retaliated against him and transferred him to Red Onion for requesting a grievance and asking to speak with a ranking officer. (*Id.*; ECF No. 51 at 1–2.) |
| Claim Four | Defendants Walker and Jerrett violated Gray's Fourteenth Amendment right to due process when they transferred him to Red Onion. (ECF No. 44 at 5.) |

## III. ANALYSIS

### A. Claim One

To state an Eighth Amendment claim, an inmate must allege facts showing "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. "[G]eneral knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Gray fails to allege facts sufficient to satisfy the objective component of an Eighth Amendment claim. Spending a couple of hours in eighty-plus degree temperatures is not so extreme as to constitute cruel and unusual punishment. *See Chandler v. Crosby*, 379 F.3d 1278, 1297 (11th Cir. 2004) (concluding "relatively constant temperature, between approximately eighty degrees at night to approximately eighty-five or eighty-six degrees during the day" did not amount to an Eighth Amendment violation). Furthermore, Gray fails to allege facts indicating that he sustained a "serious or significant physical or emotional injury resulting from the challenged conditions." *De'Lonta*, 330 F.3d at 634 (quoting *Strickler*, 989 F.2d at 1381). Accordingly, Claim One will be dismissed.

### B. Claim Two

In Claim Two, Gray contends that Defendants Walker and Jerrett violated his rights under the First and Fourteenth Amendment when they interfered with his access to the prison grievance procedure. However, "inmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process . . . ." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017); *see Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Doans v. Rice*, No. 87–7244, 1987 WL 38813, at *1 (4th Cir. Oct. 15, 1987) (citation omitted) ("Because inmate grievance procedures are not constitutionally required in state prison systems, the failure to follow grievance procedures does not give rise to a § 1983 claim."). Accordingly, Claim Two will be dismissed.

### C. Claim Three and Four

In Claim Three, Gray contends that Defendants Walker and Jerrett violated his First Amendment rights when they retaliated against him and transferred him to Red Onion for requesting a grievance and asking to speak with a ranking officer. In Claim Four, Gray claims Defendants Walker and Jerrett violated Gray's Fourteenth Amendment right to due process when they transferred him to Red Onion. The United States Court of Appeals for the Fourth Circuit recently concluded that Virginia inmates enjoy a protected liberty under the Fourteenth Amendment in avoiding transfer to Red Onion State Prison. *See Shaw v. Foreman*, --- F.4th ----, No. 20-7185, 2023 WL 1486310, at *3 (4th Cir. Feb. 3, 2023).

Similarly, in *Shaw*, the Fourth Circuit concluded that allegations similar to those alleged here were more than sufficient to state a First Amendment retaliation claim. *Id.* at *6 (citation omitted) (reversing grant of summary judgment where retaliatory transfer occurred "in extremely close temporal proximity to [alleged] protected activity"). Accordingly, the Court will deny Defendants' Motion to Dismiss with respect to Claims Three and Four.

## IV. CONCLUSION

The Motion to Dismiss (ECF No. 45) will be granted in part and denied in part. Claims One and Two will be dismissed. The Clerk will be directed to terminate Defendants Clarke, Call, Ward, Gilbertson, and Ortiz as parties to this action.

Defendant Walker has not been served. Within twenty (20) days of the date of entry hereof, counsel for Defendant Jerrett will be directed to inform the Court whether he can accept service of process for Defendant Walker.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Feb. 16, 2023
Richmond, Virginia